UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

In the matter of:

LORI DYER,
On Behalf of Herself
and All Others Similarly Situated

       Plaintiff,                        Case No.
v.                                             Hon.
                                                   PROPOSED CLASS ACTION

BAY AREA CREDIT SERVICE, LLC,

       Defendant(s).

_____/

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Lori Dyer ("Plaintiff") by and through her attorney, the Law Offices of Nicholas A. Reyna P.C., and Co-Counsel, The Law Offices of Brian P. Parker, PC on behalf of the Plaintiff and all others similarly situated against Bay Area Credit Service, LLC ("Defendant"), and by way of this Class Action Complaint against the Defendant alleges the following:

**Nature of Action**

1.       Plaintiff, on behalf of herself and all others similarly situated, brings this action against the Defendant, seeking damages and equitable relief, to redress the Defendant's systemic violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and of the Regulation of Michigan Collection Practices Act ("RCPA"), M.C.L. § 445.251 *et seq*.

**Defendant's Plan and Practice to Deceive Michigan Debtors**

2.      In violation of the FDCPA and RCPA, Defendant has a scheme and plan manifested through their collection portal of their website at www.bayareacredit.com to collect a $5.00 "*convenience*" fee for the processing of credit card payments from debtors that is not permitted by the original obligation or Michigan Law.

**Underlying Statutes and Case Law that Defendant Violate**

3.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.  The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be decided from the standpoint of the "least sophisticated consumer."  *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd."  *Kistner v. Law Offices of Michael P. Margelefsky,* LLC, 518 F.3d 433, 438 (6th Cir. 2008).

4.      To prohibit deceptive practices, the FDCPA at 15 U.S.C. §1692e outlaws the use of false, deceptive, and misleading collection efforts.  Among the per se violations thereof are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A) as well as the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).  Congress specifically enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.  15 U.S.C. § 1692(a)-(e).

5.      To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and

2

provides a non-exhaustive list of certain per se violations of unconscionable and/or unfair collection conduct. 15 U.S.C. § 1692f (1) -(8). Among these per se violations prohibited by the section include the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation" unless such amount is expressly permitted by law, 15 U.S.C. § 1692f (1).

6. The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for collecting a consumer debt. *McKeown v. Mary Jane M. Elliott P.C.,* No. 07-12016-BC, 2007 WL 4326825, at *5 (E.D. Mich. Dec. 10, 2007 (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc*. 126 B.R. 422, 426 (D.Ed. 1991)) held that § 445.252(e) applies to Defendants such as these and utilizes an analysis similar to that under 1692e of the FDCPA, both of which bar misleading and/or deceptive communications, and otherwise deems it appropriate to view claims such as the Plaintiff's under the same "least sophisticated consumer" standard.

7. The collection of any amount not expressly authorized in the underlying debt contract is a violation of the FDCPA. Further, in this case, the convenience fee:

- Is not optional, as it is a requirement on the collection portal using a credit card;
- The Defendant is receiving additional compensation from the convenience fee;
- The collection portal on Defendant's website does not indicate that the processing fee or additional charge would be collected by anyone but Defendant as stated here:

3



### Bay Area Credit Service
#### Secure Payment Form

**Bay Area Credit Service - TERMS AND CONDITIONS**

By checking the "Accept Terms & Conditions" box below you are asserting that you are the named individual on this account and are authorized to review and discuss the personal information contained in the account.

If you choose to provide a contact phone number or e-mail, you are expressly authorizing Bay Area Credit Service representatives to contact you or responsible party, including but not limited to contact via prerecorded messages, artificial voice messages, text or electronic messages and calls made by an automatic telephone dialing system, at any phone number or any cellular phone, you provide as a contact number, which could result in charges to you. You agree that both the cell phone number(s) and/or email address you provide belong to you, are secure and cannot be listened to or viewed by unauthorized third parties.

PLEASE READ THESE TERMS AND CONDITIONS CAREFULLY. BY ACCESSING THIS WEBSITE YOU AGREE TO BE BOUND BY THE TERMS AND CONDITIONS ABOVE. THESE TERMS AND CONDITIONS ARE SUBJECT TO CHANGE. ANY CHANGES WILL BE INCORPORATED INTO THE TERMS AND CONDITIONS POSTED TO THIS WEBSITE FROM TIME TO TIME. IF YOU DO NOT AGREE WITH THESE TERMS AND CONDITIONS, PLEASE DO NOT ACCESS THIS WEBSITE.

NOTE: Convenience Fees may vary by state. In which state do you currently reside?

[ Michigan ▼ ]

**Select Payment Type**

○ Check   ○ Credit Card   ● Debit Card

If you require a payment for a future date, or would like to establish additional payments for the future, please contact our office at 1-866-302-4761.

☑ Accept Terms and Conditions

[ Proceed to Payments ]
Contact Us

- The paying of the debt through Defendant's credit payment portal automatically fills in the convenience fee and the debtor can't opt out of paying such in the total amount charged;

- The convenience fee is collected through the credit card portal on Defendant's website which goes to Defendant's accounts and the payment portal is set up such that the debtor is led to believe Defendant has the legal right to collect the convenience fee;

- There is no information given to the Plaintiff and class debtors on the collection portal of the Defendant's website regarding why the Defendant

is charging a mandatory convenience fee;

8. Defendant collection of convenience fees with no basis in contract or law has been established to violate the FDCPA's prohibition on misleading documents as it effectively implies that a party such as the Defendant maintained the legal right to receive such payment. *Quinteros v. MBI Associates. Inc.,* 2014 WL 793138 (E.D.N.Y. Feb. 28, 2014). Putting it more simply, the clear trend in this jurisdiction is to find that convenience fees violate the Fair Debt Collection Practices Act. *Acosta v. Credit Bureau of Napa County,* C.A. No. 14 C8798 (N.D. Ill. Apr. 29, 2015). The majority of courts that have found a transaction fee imposed for using a certain payment method can be considered incidental to the principal obligation. The FDCPA is to be liberally construed in favor of the consumer. *See Clark v. Capital Credit & Collection Services, Inc.,*460 F.3d 1162,1176 (9th Cir. 2006). Courts have long found, specific to the interplay between the charging of convenience fees such as the one evident in this case and the potential violation of the Fair Debt Collection Practices Act which such might present, that "offering a payment option that does not violate the statute does not save offering a payment option that would violate the statute, as the latter is still an attempt to collect a fee which is prohibited by the FDCPA." *Weast v. Rockport Fin.*, LLC, 115 F. Supp. 3d 1018, 1020 (E.D. Mo. 2015). Furthermore, the permissibility of the fee under the FDCPA ultimately turns on whether or not the debt collector retains any portion of the fee. *Id* at 1022.

9. This case involves an obligation or an alleged obligation primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. The Regulation of Collection Practices Act (RCPA) codified at MCL 445.251 et seq., deals with debt collection practices by "regulated persons" in the State of Michigan. The RCPA applies to debt collectors, banks, and a range of other creditors.

10.     The Plaintiff on behalf of herself and all others similarly situated seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court pursuant to the FDCPA, RCPA, and all other common law or statutory regimes.

## Parties

11.     Plaintiff Lori Dyer is a citizen of Michigan residing in Grand Rapids, Michigan. Ms. Dyer is a "consumer" and "person" as that term is defined by 15 U.S.C. § 1692a (3), and a "consumer," "debtor," and "person" as the terms are defined and used in the RCPA.

12.     Defendant Bay Area Credit Service, LLC ("Defendant") is engaged in the business of servicing debt and purchasing and collecting defaulted and charged off consumer debts. The Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debt. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The Defendant is a "regulated person" as the term is defined and used in the RCPA, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6). The Defendant is a Foreign Limited Liability Company whose Registered Agent is CSC- Lawyers Incorporating Service with registered office located at 601 Abbot Road in East Lansing, Michigan 48823.

## Jurisdiction and Venue

13.     This Court has jurisdiction under 15 U.S.C. 1692 et seq (FDCPA) and 28 U.S.C. 1331 and 1337. This Court has supplemental jurisdiction regarding the Defendant's state law claims under 28 U.S.C. 1367. Declaratory relief is available pursuant to 28 U.S.C.§§ 2201, 2202. Venue in this jurisdiction is proper pursuant to 28 U.S.C. 1391(b) because the Defendant

transacts business here and the pertinent events took place here.

## Factual Background

14.     Sometime prior to the initiation of this action, the Plaintiff allegedly incurred a medical debt to American Medical Response which upon information and belief was subsequently purchased for the purpose of collection by the Defendant.

15.     The debt purportedly owed by the Plaintiff was used for personal, family or household purposes and is therefore representative of "consumer debt" as that term is defined by 15 U.S.C 1692a (5). The alleged obligation is a "claim" or "debt" as defined by MCL 445.251(a). The Plaintiffs were otherwise at all times relevant to this lawsuit a "consumer" as that term is defined by 15 U.SC. § 1692a (3), and/or a "consumer" or "debtor" as that term is defined by MCL 445.251(d).

16.     On August 21, 2017, the Plaintiff made a payment in the amount of $100.00 specific to this debt, with a convenience fee of $5.00 charged to the Plaintiff through the collection portal of Defendant website *(see Exhibit A)*. Payment verification provided to the Plaintiff further confirms that this $5.00 fee was concurrently charged by the Defendant at the time the $100.00 payment was made by the Plaintiff (*Exhibit A*). The convenience fee charged by Defendant mathematically results in a **5%** convenience fee charge per the total transaction.

17.     As part of Plaintiff's Counsel pre-filing investigation it was determined that neither the original obligation or creditor to whom the debts at issue were owed charge a convenience fee of "$5.00" for credit card payments and there is no contractual or legal obligation that debtors be otherwise assessed such a convenience fee.

18.     The Fair Debt Collection Practices Act ("FDCPA") is a consumer protection statute

that "imposes open-ended prohibitions on false, deceptive, or unfair debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587. 130 S.Ct. 1605, 1615 (2010).

19. The Fair Debt Collection Practices Act states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

20. The FDCPA states that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt. 15 U.S.C. §1692e(2)(A).

21. The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e (10).

22. The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f (1).

23. The Defendant collect and attempt to collect defaulted debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of itself and other debts using the U.S. mail, telephone, and Internet. As a result, the Defendant at all times relevant to this complaint engaged in the act and/or practice of "debt collection" as that term is defined by MCL 445.251(b); a "debt collector" as defined by 15 U.S.C. § 1692a (6); and/or a "collection agency" as that term is defined by MCL 445.251(b).

24. The Plaintiff alleges that the demanded and required convenience fee set forth for

electronic credit card transactions made to the Defendant is intended to falsely convey that the Defendant does indeed possess the contractual and legal right to charge a credit card or check processing fee for payments made to it by debtors such as the Plaintiff, when in fact such a fee/charge is neither authorized by contract nor permitted by law.

25.     Communications about payment were sent to the Plaintiff or other class members in connection with the collection of a "debt" as defined by 15 U.S.C. 1692a (5) and/or in connection with the collection of a "consumer debt" as defined by MCL 445.251(a).  In fact, the "convenience fee" and additional charge to be charged and collected by the Defendant constituted a communication under the FDCPA about the collection of an amount incidental to the principal obligation that was not expressly authorized by the agreement creating the debt or permitted by law.

26.     The Defendant's characterization of the convenience fee is false, deceptive, and misleading (a) as it implies that the Defendant could legally receive the payment or convenience fee amount (and indeed sets a uniform convenience fee to be assessed against all debtors regardless of the underlying creditor); (b) in that it fails to disclose the true nature of the fee and misrepresents the actual amount, if any, of any fee the Defendant might incur; (c) to the extent it is well in excess of what any bank or payment-processing entity would charge to process the Plaintiffs' credit card transaction; and/or (d)  in that the Plaintiff understood it to mean, *as would the least sophisticated consumer*, that the Defendant were legally entitled to receive the fee when in fact it was not legally or contractually entitled to receive it.

27.     Upon information and belief and as stated above, it is the Defendant's policy and practice as to the Proposed Class here in connection with the collection of alleged consumer debts to collect amounts that are incidental to the principal obligation, with said amounts not

having been expressly authorized by the agreement creating the debt or permitted by law in violation of 15 §§1692e, 1692e(2)(A), 1692e(2)(B), and/or 1692f (1).

28. The Defendant violated the FDCPA, 15 U.S.C. §§ 1692e and 1692e(2)(A), (8), and (10), and 1692f (1). See, e.g., *Watkins v. Peterson Enterprises, Inc.*, 57 F.Supp.2d 1102 (E.D. Wash. 1999).

29. The FDCPA is a strict liability statute and thus proof of <u>one</u> violation thereof is sufficient to support a finding of summary judgment in favor of the Plaintiffs. *Cacace v Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1991).

30. Under Michigan law, an assignee steps into the shoes of the assignor and only acquires such rights as the assignor possessed at the time of assignment. *Coventry Parkhomes Condo Ass'n v. Fed. Nat. Mortg. Ass'n*, 827 N.W.2d 379, 382 (Mich. Ct. App. 2012). Moreover, the rights of the assignor and assignee are fixed at the time of the notification of the assignment. *United States v. Gen. Motors Corp.* 929 F. 2d 249, 252 (6th Cir. 1991).

31. The described acts and omissions of the Defendant was done in connection with efforts to collect an alleged debt from the Plaintiffs, such having been done intentionally and willfully.

32. The Defendant intentionally and willfully violated the FDCPA

33. As a direct and proximate result of the Defendant's negligence, the Plaintiff and class members suffered actual damages in the form of anger, anxiety, emotional distress, frustration, upset, and embarrassment.

34. As a further direct and proximate result of the Defendant's negligence, the Plaintiff and class members have sustained consequential damages, including attorney fees and legal expenses.

35. Upon information and belief, the Defendant's written communications in charging a convenience fees as alleged in this complaint have been communicated to class members numbering in at least the thousands.

### Conclusions of Law

36. The collection actions taken against the Plaintiff by the Defendant violated numerous provisions of the FDCPA.

37. The above factual and legal conduct by the Defendant in attempting to collect a debt for which it did not produce proof of appropriate legal standing to pursue, represented actions in violation of both the FDCPA and RCPA.

### COUNT I- VIOLATION OF THE FDCPA

38. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

39. The foregoing acts and omissions of the Defendant and its' agents constituted numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to the Plaintiff.

40. The Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means as set forth above factually and through the Exhibits.

41. The Defendant violated 15 U.S.C. § 1692e(2)(A) by using a false representation of the amount of the debt and/or 15 U.S.C. 1692e(2)(B) by using a false, deceptive, and misleading representation concerning a service it rendered for which it was not legally entitled to receive compensation for the foregoing reasons.

42. The Defendant violated 15 U.S.C. § 1692e (10) by using a false representation or

deceptive means to collect the debt at issue for the foregoing reasons.

43. Each violation of the RCPA by the Defendant as outlined in this Complaint is likewise a violation of 15 U.S.C. § 1692f as an "unfair or unconscionable means to attempt to collect a debt."

44. This jurisdiction is reliant upon the "least sophisticated debtor" standard to determine whether a communication might effectively deceive an unsophisticated consumer under 15 U.S.C. 1692. *Smith v Computer Credit*, 167 F.3d 1052 (6th Cir. 1999). More specifically, "the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Federal Trade Commission v Standard Education Society*, 302 U.S. 112, 116, 50 S.Ct. 113, 115, 82 L.Ed. 141 (1937). It seems sensible to suggest that attempts such as those by the Defendant in this case to collect a "convenience" fee from the Plaintiff which it was not permitted by contract or law to collect from the Plaintiff would have the effect of confusing a less sophisticated debtor such as the Plaintiff, which it in fact did.

45. For a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). All communications from the Defendant, their agents, and representatives to the Plaintiff, both orally and in writing, shared the same animating purpose- to coerce the Plaintiff into ultimately paying them amounts she should not have been legally required to pay.

46. As a result of each of the Defendant's violations of the FDCPA, the Plaintifs and class members are specifically entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant.

## **COUNT II- VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT**

47.     The Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

48.     The Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("RCPA"), at MCL § 445.251.

49.     The Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

50.     The foregoing acts and omissions of the Defendant and its' agents constituted numerous violations of the RCPA.

51.     The Defendant violated M.C.L. § 445.252(a) by communicating with the Plaintiff and class members in a misleading or deceptive manner by forwarding the Plaintiff a collection letter and on their website outlining a mandatory "convenience fee" assessed to the Plaintiff or class members for the processing of electronic transactions which the Defendant possessed no legal or contractual right to pursue.

52.     The Defendant violated M.C.L. § 445.252(e) for the foregoing reasons.

53.     The Defendant violated M.C.L. 445.252(n) by using a harassing, oppressive, and/or abusive method(s) to collect the debt at issue.

54.     The Defendant violated M.C.L. 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed RCPA violations by the Defendant's agents and/or employees.

55.     The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL 445.252e, which prohibits a Regulated Person from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not

13

revealing the purpose of a communication when it is made in connection with collecting a debt."

56.     The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252f, which prohibits a Regulated Person from "misrepresenting in a communication with a debt any of the following: (i) the legal status of a legal action being taken or threatened and/or (ii) the legal rights of the creditor or debtor."

57.     The Defendant, specifically by way of the communications between its' agents and representatives and the Plaintiffs and class members, clearly misrepresented to the Plaintiff and class members at a minimum whether they had provided sufficient verification of their legal right to collect upon the underlying debt at issue.

58.     The Plaintiff and class members have suffered damages as a result of these violations of the Michigan Collection Practices Act.

59.     These violations of the RCPA were willful, and as a result the Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257.

## COUNT III- CLASS ALLEGATIONS

60.     This action is brought as a class action.  Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

61.     The Plaintiff seeks to certify a single class as set forth below.

62.     With respect to the First (FDCPA) Plaintiff Class, this claim is brought on behalf of a class of (a) all persons with addresses in the State of Michigan; (b) to whom the Defendant charged a "$5.00 convenience fee" for the processing of payments made to the Defendant

through its website payment portal at www.bayareacredit.com ; without any contractual or legal authorization;(c) in an attempt to collect a debt that purportedly was incurred for personal, family, or household; (d) during the period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

63. With respect to the Second (RCPA) Plaintiff Class, this claim is brought on behalf of a class of (a) all persons with addresses in the State of Michigan; (b) to whom the Defendant charged a "$5.00 convenience fee" for the processing of payments made to the Defendant through its website payment portal on www.bayareacredit.com; without any contractual or legal authorization;(c) in an attempt to collect a debt that purportedly was incurred for personal, family, or household; (d) during the period beginning six years prior to the filing of this action and ending 21 days after the filing of this action.

64. The identities of all class members are readily ascertainable from the business records of the Defendant and its payment portal of its website.

65. Excluded from the Plaintiff Classes are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and each of their respective immediate families, and legal counsel for all parties to this action and all members of their respective immediate families.

66. There are questions of law and fact common to the First Plaintiff Class, which common issues predominate over any issues involving only individual class members.  The principal issue is whether the Defendant's mandatory requirement that a debtor pay a "$5.00 convenience fee" through the collection portal on the Defendant's website violated the foregoing sections of the FDCPA and RCPA.

67. The Plaintiff'sclaims are typical of the class members, as all claims are based upon

the same facts and legal theories.

68. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorney have any interests which might cause them to not vigorously pursue this action.

69. This action has been brought, and may be properly maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

> (a) **Numerosity**- The Plaintiff is informed and believes and on that basis alleges that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.
>
> (b) **Common Questions Predominate**- Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members.
>
> (c) **Typicality**- The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.
>
> (d) **Adequacy**- The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interest that will prove adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor their counsel have any interest which might cause them to not vigorously pursue the instant class action

lawsuit.

(e) **Superiority**- A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

70. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for the Defendant, who collects debt throughout the United States of America.

71. Certification of a class(es) under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate for:

"a determination regarding the Defendant's collection of a mandatory convenience fee of "$5.00 convenience fee" through its payment portal on its website forced on class members such as the Plaintiffs would violate both the RCPA and FDCPA and permit the Plaintiff Class to obtain injunctive relief pursuant to MCL 445.257(1)."

72. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

73. Depending upon the outcome of further investigation and discovery, the Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a

class only as to particular issues pursuant to Fed.R.Civ.P. 23(c)(4).

## CONCLUSION

## VIOLATION OF 15. U.S.C § 1692 ET SEQ.

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

(B) Statutory damages pursuant to 15 U.S.C. §1692k;

(C) For declaratory relief pursuant to 28 U.S.C.§§ 2201, 2202

(D) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(E) Such further relief as the court deems just and proper.

## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

**WHEREFORE,** based upon the foregoing facts, the Plaintiffs respectfully requests the following relief:

(A) Damages pursuant to M.C.L. § 445.257(2) against Defendant.

(B) Treble the actual damages pursuant to M.C.L. § 445.257(2); and

(C) Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2)

## CLASS ALLEGATIONS

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests that as to the First Plaintiff Class, that the Court enter an order certifying that the Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiffs and the undersigned counsel to represent the First Plaintiff Class as previously set forth. At this time, the FDCPA and RCPA Classes are made up of all Michigan Residents that are:

> Forced to pay a mandatory convenience fee of "$5.00 convenience fee" through Defendant's payment portal on its website at www.bayareacredit.com where the original obligation between the Plaintiff residents and the original creditor or state law does not authorize a mandatory payment of a convenience fee to be added when paying a debt to Defendant.

## DEMAND FOR JURY

Plaintiffs demand trial by jury on all triable issues.

LAW OFFICES OF BRIAN P. PARKER, P.C.

/s/Brian P. Parker_____
Brian P. Parker (P48617)
DATED: August 22, 2017    Attorney for Plaintiffs and the Proposed Class Members


LAW OFFICES OF NICHOLAS A. REYNA, P.C.

/s/ Nicholas A. Reyna_____
DATED: August 22, 2017    NICHOLAS A. REYNA (P68328)
Attorney for Plaintiff and the Proposed Class Members